24-08423MB(MAA)

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Michelle L. Terwilliger, being duly sworn, depose and state as follows:

## PRELIMINARY BACKGROUND INFORMATION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) assigned to the FBI Tucson Resident Agency, Tucson, Arizona. I have been a Special Agent since January 2004. I am currently assigned to a Violent Crimes squad where I investigate a variety of matters, to include Assault on Federal Officer (AFO) cases, assaults and homicides that occur in federal prisons, interstate threats, and kidnappings. I have been involved in numerous investigations relating to the assault of Federal Agents, which included processing of crime scenes, the collection and review of evidence (to include drug and firearm evidence), and interviews of subjects, witnesses, and victims.

2. Your affiant is charged with investigating violations of federal laws enumerated in Titles 18 and 21 of the United States Code. Pursuant to 18 U.S.C. § 3052, your affiant is empowered to enforce criminal laws of the United States and to execute search warrants issued under the authority of the United States. Pursuant to 18 U.S.C. § 3107, your affiant is empowered to make seizures under warrant for violation of the laws of the United States.

3. The statements contained in this affidavit are based in part on: information provided by Drug Enforcement Administration (DEA) Special Agents, information provided by FBI Special Agents and Task Force Officers, information provided by a Tucson Police Department (TPD) Officer, information provided by a Confidential Informant (CI); and my experience, training and background as a Special Agent with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth

only the facts that I believe are necessary to establish the necessary foundation for the requested warrant.

4. The facts of this case, as more fully detailed herein, are that Saul Arturo Valenzuela, Jr. and Alan Kramer Palau did knowingly possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b); Valenzuela, Jr. and Palau were in possession of a firearm during a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A); and at the time, Valenzuela, Jr., and Palau knew they were previously convicted of crimes punishable by imprisonment for a term exceeding one year, and did knowingly possess a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1). Also being investigated is a possible Assault on a Federal Officer (AFO), in violation of Title 18, United States Code, Section 111. It is requested that the Court issue a search warrant to locate evidence related to the violations listed above.

5. This court has jurisdiction over these offenses under Title 21, United States Code, Sections 841(a)(1) and 841(b); Title 18, United States Code, Section 924(c)(1)(A); Title 18, United States Code, Sections 922(g)(1); and Title 18, United States Code, Section 111 because the below-described events occurred within the confines of the District of Arizona, namely in Tucson, in Pima County, Arizona. Furthermore, this Court has jurisdiction to issue the requested warrant under Federal Rules of Criminal Procedure, Rule 41.

**BACKGROUND OF INVESTIGATION AND PROBABLE CAUSE**

6. On January 26, 2024, a DEA CI arranged to purchase 10,000 fentanyl pills from an individual he knew as "Lito" Valenzuela. The cost of the pills was going to be $4500. The CI told Valenzuela that he would be at the GameStop, located at 1656 West Valencia Road, Suite 100, Tucson, Arizona. Valenzuela did not tell the CI what vehicle he would be in, but he did tell the CI that "Alan" would be with him.

2

    The CI advised that "Alan" is the connection (agents understood that meant "Alan" was the source of supply of the drugs), and Valenzuela is the one who drives the drugs around.

7. On January 25, 2024, the CI started to cooperate with DEA Special Agents. A review of the CI's phone showed that there were three calls, utilizing WhatsApp, between the CI and "Lito", on January 25, 2024. On January 26, 2024, there were approximately 22 calls (via WhatsApp and the phone) between the CI and "Lito". On January 26, 2024, there was a WhatsApp missed call from "A" to the CI. The CI stated that the "A" in his contact list was Alan.

8. The CI identified an Arizona Driver's License photograph of Saul Arturo Valenzuela, Jr. as "Lito" Valenzuela. The CI identified an Arizona Driver's License photograph of Alan Kramer Palau as "Alan".

9. DEA Special Agents conducted surveillance in the parking lot to the south of GameStop, which was located by Walmart, 1650 West Valencia Road, Tucson, Arizona. Valenzuela, Jr. was observed entering the GameStop. The CI was not in the GameStop, nor in the vicinity of the GameStop. Valenzuela, Jr. was then observed exiting the GameStop and observed walking in the parking lot.

10. Valenzuela, Jr. entered the front passenger side of a 2014 Volkswagen Jetta SE, gray in color, bearing Arizona license plate 5YA7ZR, VIN [3VWD17AJ0EM254596](3VWD17AJ0EM254596), hereinafter "TARGET VEHICLE".

11. DEA Special Agents attempted to contact the occupants of the TARGET VEHICLE. A video, obtained from Walmart, showed DEA Special Agents' vehicles pull beside, behind, and near the TARGET VEHICLE. In the video, a DEA Special Agent is observed near the passenger side of the vehicle. After the front passenger door is opened, the TARGET VEHICLE moved forward, and to the left of the DEA Special Agent. During or near that time, the DEA Special Agent fired two rounds into the vehicle, hitting the driver, Palau, twice.

12. Palau was medically treated at the scene by DEA Special Agents and was

subsequently taken by ambulance to the hospital. Palau was treated for two through and through gun shot wounds (chest and leg), and was released shortly after.

13. The FBI responded to the crime scene to investigate the possible Assault of a Federal Officer. In plain view in the TARGET VEHICLE were a plastic bag and an envelope, located on the front passenger floorboard, containing blue pills; and a Ruger handgun (S/N 459-12713) located on the driver's seat. Two cellular telephones were located on the roof. A spent casing was located on the ground beside the passenger side. These items were seized.

14. The TARGET VEHICLE was towed to the FBI, Tucson RA, on January 27, 2024, and placed in the Evidence Response Team (ERT) vehicle bay. A search was not conducted inside the TARGET VEHICLE for additional evidence of the listed violations, to include additional drugs, additional firearms, ammunition, and magazines, and additional cellular telephones. The vehicle was not searched for any evidence related to the shooting (bullets, fragments, casing).

15. On January 29, 2024, FBI took a representative sample of the pills in the bag and the envelope, which were seized on January 26, 2024 and had them tested. The pills tested positive for fentanyl utilizing a DetectaChem Fentanyl test kit.

16. A records check revealed that on April 13, 2022, Valenzuela, Jr. was convicted of Importation of Fentanyl in the District Court of Arizona, case CR-21-01993-JAS, and was sentenced to 12 months and one day prison. This conviction is a felony offense punishable by imprisonment for a term exceeding one year. On Friday, January 26, 2024, Valenzuela, Jr. was arrested on a Petition to Revoke Supervised Release.

17. A records check revealed that on May 28, 2020, Palau was convicted of Attempted Possession of a Narcotic Drug, a Class 3 felony, in Arizona Superior Court, Pima County, case CR20196190-001. This conviction is a felony offense punishable by imprisonment for a term exceeding one year.

18. On Sunday, January 28, 2024, the Bureau of Alcohol, Tobacco, Firearms and

Explosives confirmed that the Ruger handgun was transported in interstate commerce.

## CONCLUSION

19. Based on the aforementioned factual information, your Affiant respectfully submits this Affidavit in support of probable cause for a Warrant to search the property described in Attachment A, and seize the items described in Attachment B, which are evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 841(b); Title 18, United States Code, Section 924(c)(1)(A); Title 18, United States Code, Sections 922(g)(1); and Title 18, United States Code, Section 111.

Respectfully submitted,

MICHELLE TERWILLIGER
Digitally signed by MICHELLE TERWILLIGER
Date: 2024.02.08 11:28:08 -07'00'

_____
Michelle L. Terwilliger
Special Agent, Federal Bureau of Investigation

Subscribed electronically and sworn telephonically to me this __8th__ of February 2024.

_____
Honorable Michael A. Ambri
United States Magistrate Judge

# ATTACHMENT A

## Property to Be Searched

2014 Volkswagen Jetta SE, gray in color, bearing Arizona license plate 5YA7ZR, VIN 3VWD17AJ0EM254596, (TARGET VEHICLE) registered owner, Alan Kramer Palau.



1

## ATTACHMENT B

### Items To Be Seized

1. Controlled substances and paraphernalia for packaging, weighing, cutting, testing, and distributing controlled substances.
2. Any and all firearms and firearms accessories, to include magazines, ammunition, shell casings, and holsters.
3. Any cell phones or other media storage/electronic devices which may contain call logs, contacts, photos, text messages, or other records of either possessing, transporting, storing, or distributing controlled substances; or records of possessing firearms.
4. Any and all documents, notebooks, ledgers, maps, etc, related to possessing and distributing controlled substances.
5. United States Currency.
6. Any and all records, receipts, bank statements and records, money orders, and cashier's checks.
7. Any evidence of a shooting, to include bullets, fragments, shell casings, and swabs of the interior and exterior of the vehicle.